IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL CASE NO.: 1:11-CR-168-SCJ |
| DEANGELO TAVARES LANGFORD, | : | |
| Defendant. | : | |

## ORDER

This matter appears before the Court for consideration of the magistrate judge's March 15, 2012 Report and Recommendation ("R&R") [Doc. No. 42], in which The Honorable C. Christopher Hagy, recommended that Defendant's Motion to Suppress Statements [Doc. No. 15] and Motion to Suppress Evidence [Doc. No. 17] (collectively the "Motions to Suppress") be denied.

Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Criminal Procedure 59(b)(2), the Defendant timely filed objections to the R&R on March 29, 2012. Doc. No. 37. Defendant specifically objects to the following: (1) the magistrate's finding of fact that Defendant allowed Lieutenant Frank Zunno into the home; (2) the magistrate's conclusion that the Defendant's alleged statement is not subject to suppression; (3) the magistrate's conclusion that the officers' entry into the home and their continued presence in the home were lawful; (4) the magistrate's

1

finding that Defendant did not have an expectation of privacy in the residence and the omission from the R&R of the fact that Defendant had a valid Georgia identification card which listed his address as 2469 Perkerson Road, Atlanta, Georgia, the address and location of house search; and (5) the magistrate's conclusion that Ms. Jovanna Whitaker consented to the search of the home and Defendant did not protest the search of the home. Doc. No. 45.

The Government has not filed a response to the objections.

When objections are filed, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Fed. R. Crim. P. 59(b)(3). After conducting this review, the Court "may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Additionally, the Court may "receive further evidence or recommit the matter to the magistrate judge with instructions." Id. The Court has reviewed the record and read the transcripts of the suppression hearing in the case *sub judice.*

The Court will address each of the Defendant's objections in turn.

**I. Objection #1: findings regarding police entry into the home**

As stated above, the Defendant objects to the magistrate's finding of fact (at paragraph 17) that Defendant allowed Lieutenant Frank Zunno into the home. Defendant states that Lieutenant Zunno testified that "he stated to [Defendant] they needed to be allowed inside the Residence 'to make sure everyone was safe inside.'" Doc. No. 45, p. 1. The Defendant argues that he only responded to an obvious show of force in nodding and backing away from the doorway as police came inside. Id.

In his objection, it appears that the Defendant is asking the Court to consider paragraph 17 of the R&R in isolation – as a review of the complete R&R shows that the magistrate included the quote from Lieutenant Zunno's testimony (cited in Defendant's brief) in paragraph 16 of his findings of fact and in paragraph 14, the magistrate wrote, "[a]t that time, a man, who was later identified as the Defendant Deangelo Langford, opened the door to Lt. Zunno and backed away from the doorway to allow the officers inside the house." Doc. No. 42, p. 7, ¶ 14.

After de novo review, the Court accepts the magistrate's findings of fact as an accurate statement of the testimony given at the suppression hearing. The Court is unable to uphold the Defendant's arguments to the contrary.

3

**II. Objection #2: the Defendant's alleged statement**

As stated above, the Defendant objects to the magistrate's conclusion that the Defendant's alleged statement is not subject to suppression. The Defendant argues that because the entry into the residence was illegal and the officers' presence exceeded the scope for entering the house, any evidence or statements are the fruit of unlawful conduct by the officers. Doc. No. 45, p. 2.

After de novo review, the Court finds that the entry into the residence was not illegal and that the officers' presence did not exceed the scope and/or purpose of entering the house. The Court finds that the Defendant's statements are not subject to suppression based upon unlawful conduct by the officers. See United States v. Lopez-Garcia, 565 F.3d 1306, 1315 (11th Cir. 2009) (holding that defendant's "Fourth Amendment fruit of the poisonous tree argument plainly collapses since . . . his Fourth Amendment rights were never violated. Since his seizure and arrest were constitutional, neither of his subsequent statements was tainted by those events."). The Court accepts as well reasoned and correct, the findings and conclusions of the magistrate regarding the entry and search of the attic, as well as the voluntariness of the Defendant's statements.

**III. Objection #3: lawfulness of the officer's presence in the home**

As stated above, the Defendant objects to the magistrate's conclusion that the officers' entry into the home and their continued presence in the home were lawful. The Defendant argues that once the officers determined that everyone inside was safe and unharmed, the officers should have exited the residence. Doc. No. 45, 2.

In his objection, the Defendant omits that once inside the home, one of the children (present at the scene) told the officers that "my mommy's boyfriend . . . put the gun in the attic" and Lieutenant Zunno testified to there being concern and an issue of safety for Ms. Whitaker and her children if there were weapons in the attic. Doc. No. 29, p. 70, p. 72, and 108.

The Court is unable to conclude that the officers were required to ignore the child's statement and immediately exit the residence without further investigation. Furthermore, after review of the Eleventh Circuit's 2007 decision in <u>United States v. Delancy</u>, 502 F.3d 1297, 1308 (11th Cir. 2007) in which the Eleventh Circuit held that it was not required to decide the legality of a protective sweep, where "evidence found during the subsequent search was admissible as the result of a voluntary consent"[1] – it appears to this Court that the focus of the

---

[1] The <u>Delancy</u> court also went through a detailed three-part illegal taint analysis, which is not necessary here, as the Court has found that the initial entry into the home was not illegal.

analysis should be on the voluntariness of the consent to search. The evidence at the suppression hearing showed that Ms. Jovanna Whitaker, "who represented herself to the officers as the owner or renter of the house" voluntarily consented to a search of the attic. Doc. No. 42, p. 22. The Court accepts the magistrate's findings and conclusions regarding Ms. Whitaker's consent to search as well reasoned and correct. Accordingly, the evidence found as a result of Ms. Whitaker's consent is not subject to suppression on illegality grounds.

**IV. Objection #4: magistrate's finding regarding expectation of privacy**

As stated above, the Defendant objects to the magistrate's finding that Defendant did not have an expectation of privacy in the residence. The Defendant further objects on the ground that the magistrate omitted from the R&R the fact that Defendant had a valid Georgia Driver identification card which listed his address as 2469 Perkerson Road, Atlanta, Georgia, the address and location of house search. The Defendant argues that this evidence is relevant because it proves that he was an occupant, resident, or person exercising control of the home, located at 2469 Perkenson Road, Atlanta, Georgia.

In support of his argument, the Defendant cites United States v. Chaves, 169 F. 3d 687 (11th Cir. 1999). In Chaves, the Eleventh Circuit held that the district

court erred in finding that the defendant did not have a reasonable expectation of privacy in a warehouse in which he did not formally own or rent, but had sufficient connection by maintaining both custody and control of the warehouse. Id. at 691. The circumstances showed that the defendant had the only key to the warehouse and kept personal and business papers at the warehouse. Id.[2] In the case *sub judice*, the Defendant argues that the "address of the home searched being on [his] identification and his clothes present in the home is similar to the keys and personal papers in Chaves." Doc. No. 45, p. 4.

The Court is unable to agree that the facts and holding of the Chaves case are sufficiently analogous and/or determinative of the issue in the present case. The case of United States v. Howard, No. 1:10-cr-56, 2011 WL 24889929 (E.D. Tenn. Apr. 7, 2011) (adopted by order at 2011 WL 2550393 (E.D. Tenn. Jun. 21, 2011)) is more analogous and provides guidance. In Howard, the police were investigating a car theft at a home for which the defendant answered the door. When police asked the defendant for permission to enter the house to retrieve keys for the stolen car, the defendant stated that he did not live there and could

---

[2]The Court also reviewed the difference between commercial and residential properties, which is not at issue here. See United States v. Chaves, 169 F.3d 687, 691 (11th Cir. 1999) ("The fact that [defendant] has a lesser expectation of privacy in the warehouse vis-a-vis a residence, however, does not mean that he has no legitimate expectation of privacy in the warehouse.").

7

not give permission. The homeowner later arrived and gave her written consent to a search of the home. During the search of the home, a loaded shotgun was found. The police also found the defendant's clothing and papers (which listed the defendant's name and the address subject to search). There was also a "Driver's License, bearing [defendant's] name and the . . . address" of the residence subject to search. Id. at *3. In finding that the defendant did not meet his burden of establishing a legitimate expectation of privacy, the court looked to the defendant's denial of living at the residence.[3] The court also did not conclude that the defendant was an overnight guest subject to a legitimate expectation of privacy. The court stated:

> The fact that there were some documents in the house with the defendant's name on them cannot establish that the defendant was an overnight guest. At most, the evidence suggests defendant was a casual, temporary visitor at [the homeowner's] house and was there to be a baby sitter for a brief period of time on the day [of] the search . . . .

Likewise, in the case *sub judice*, the Court finds that the address on the Defendant's identification card is a factor for consideration, but is not determinative of the question of whether the Defendant had a legitimate expectation of privacy in the home. Contrary to the Defendant's argument, the

---

[3]The homeowner also stated that the defendant would come and visit and "would sometimes babysit, [but] he never stayed overnight." Id. at *3.

Court is unable to conclude that the address on the identification card proves that the Defendant "was an occupant, resident, or person exercising control of the home, located at 2469 Perkenson Road, Atlanta, Georgia." Doc. No. 45, p. 3.

The Court accepts the magistrate's findings of lack of a legitimate expectation of privacy as well reasoned and correct. See <u>Minnesota v. Carter</u>, 525 U.S. 83, 90, 119 S. Ct. 469, 473 (1998) ("Thus, an overnight guest in a home may claim the protection of the Fourth Amendment, but one who is merely present with the consent of the householder may not.").

**V. Objection #5: findings regarding consent to search and protest**

In his fifth objection, the Defendant objects to the magistrate's conclusion that Ms. Whitaker consented to the search of the home and Defendant did not protest the search of the home. Doc. No. 45.

After de novo review, the Court accepts the magistrate's conclusions as well-reasoned and correct. The Court further notes that in evaluating factual versions of events between the law enforcement officers and defendants and other witnesses, the Court defers to the magistrate judge's determinations unless the magistrate's understanding of the facts appears to be "unbelievable." <u>United States v. Ramirez–Chilel</u>, 289 F.3d 744, 749 (11th Cir. 2002). In the present

context, the magistrate's understanding of the facts are not unbelievable.

## CONCLUSION

The R&R [Doc. No. 42] is hereby **ADOPTED** as the Opinion and Order of this Court. The Defendant's objections to said Report and Recommendation [Doc. No. 45] are hereby **OVERRULED**.

The Defendant's Motion to Suppress Statements [Doc. No. 15] and Motion to Suppress Evidence [Doc. No. 17] are hereby **DENIED.**

**IT IS SO ORDERED**, this 24th day of April, 2012.

s/Steve C. Jones
HONORABLE STEVE C. JONES
UNITED STATES DISTRICT JUDGE